IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

ROTHELEO DIXON                                                                                                  PLAINTIFF

V.                                                                                    CIVIL ACTION NO. 4:21-CV-00069-RP

MARSHAL TURNER,
WARDEN TIMOTHY MORRIS,
WARDEN SIMON, and M.D.O.C.                                                                                  DEFENDANTS

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte*, for consideration of dismissal. Rotheleo Dixon, an inmate currently housed at the Wilkinson County Correctional Facility in Woodville, Mississippi, has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Marshal Turner, Warden Timothy Morris, Warden Simon, and the Mississippi Department of Corrections ("MDOC"). Doc. #s 1, 6. Having fully considered his allegations and the applicable law, the Court finds that Dixon's complaint must be dismissed.[1]

Screening Standards

Because Dixon has been permitted to proceed *in forma pauperis* in this action,[2] his claims are subject to *sua sponte* dismissal under the Prison Litigation Reform Act ("PLRA"). *See* 28 U.S.C. § 1915(e)(2).[3] Pursuant to the PLRA, the Court is obligated to evaluate the complaint and dismiss if it is "frivolous or malicious," if it "fails to state a claim upon which relief may be granted," or if it "seeks monetary relief against a defendant who is immune from such relief." *Id.* A claim is frivolous if it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may

---

[1] As Dixon consented to United States Magistrate Judge jurisdiction in this case in accordance with 28 U.S.C. § 636(c), *see* Doc. # 8, the undersigned has the authority to enter this memorandum opinion and order and the accompanying judgment.
[2] *See* Doc. #10.
[3] *See also* 28 U.S.C. § 1915A (subjecting prisoner complaint to preliminary screening regardless of *in forma pauperis* status).

be granted if relief could not be granted to the plaintiff "under any set of facts that would be proven consistent with the allegations" in the complaint. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (citation omitted); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (complaint fails to state a claim only where it does not plead "enough facts to state a claim to relief that is plausible on its face").

<u>Plaintiff's Allegations and Procedural Posture</u>

In the instant complaint, Dixon alleges unconstitutional conditions of confinement during his stay at the Mississippi State Penitentiary ("MSP") in Parchman, Mississippi. Dixon recounts one incident in particular when, on January 4, 2020, unidentified MSP staff made him pack his belongings and took him to the gym. Upon arriving to the gym, Dixon alleges that he was strip-searched by state troopers and most of his personal possessions were confiscated and discarded. According to Dixon, these personal items included canteen and hygiene products (toothpaste, toothbrush, and soap), sentimental letters and pictures, legal documents, and educational certificates. Dixon was, however, permitted to retain his Bible, cholesterol medications, and the clothing on his person at the time. Following the search, MSP transferred Dixon to Unit 29, L-Building, to a cell which Dixon asserts contained no mattress or linens and was cold with rats running around.

Dixon additionally avers that the water was shut off in his building for a ten-day period, from January 8, 2020, until January 18, 2020. During this time, Dixon alleges he was forced to urinate in empty water bottles and defecate in Styrofoam trays and garbage bags. Dixon further complains that he was not able to shower from December 26, 2019, until January 22, 2020. The water became operational again on January 19, 2020, and he was then able to shower on January 22, 2020. On January 23, 2020, MSP staff issued Dixon new linens, towels, and clothing. Dixon

2

was transferred from MSP to the Tallahatchie County Correctional Facility in Tutwiler, Mississippi on January 27, 2020.

Dixon filed the instant action on May 24, 2021, alleging that former MSP Superintendent Marshal Turner, Warden Timothy Morris, Warden Simon, and MDOC are responsible for the alleged unconstitutional conditions of confinement and property destruction. Doc. #s 1, 6. By way of relief, Dixon requests that he be compensated for his loss and that those responsible be disciplined. *Id.* On July 6, 2021, the Court entered an Order requiring Dixon to submit additional information, particularly directing Dixon to provide a detailed description of each named Defendant's personal involvement in the actions or inactions alleged in his complaint. Doc. # 14. Dixon submitted his response to the aforementioned order on July 23, 2020. Doc. # 16.

## MDOC Not a "Person" Under 42 U.S.C. § 1983

The complaint fails to state a claim against MDOC under Section 1983 because MDOC is not a "person" within the meaning of that statute. Section 1983 provides, in relevant part, that:

> Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Thus, to maintain an action under Section 1983, a plaintiff must allege that a *person* acting under color of state law deprived him of a right secured by the Constitution or other law of the United States.

The State of Mississippi is not amenable to suit under this statute because "a State is not a person within the meaning of § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64

(1989). This holding likewise applies to "any governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." *Id.* at 70. MDOC is considered an arm of the State of Mississippi. *See* Miss. Code Ann. § 47-5-1; *Scott v. Miss. Dep't of Corrs.,* 2006 WL 1666258 (S.D. Miss. June 12, 2006). Consequently, Dixon's allegations against MDOC will be dismissed for failure to state a claim upon which relief could be granted, as MDOC is not a proper defendant under 42 U.S.C. § 1983.[4]

## Supervisor Liability

A plaintiff proceeding under 42 U.S.C. § 1983 cannot establish that a government official violated the plaintiff's constitutional rights simply by virtue of the official's role as a supervisor. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). Instead, to state a viable claim under Section 1983, the plaintiff must "identify defendants who are either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995) (citing *Lozana v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983)). There are only two scenarios in which a supervisor may be held liable under § 1983: (1) when he affirmatively participates in the incident, or (2) when he implements an unconstitutional policy that results in the constitutional injury. *Wernecke v. Garcia*, 591 F.3d 386, 401 (5th Cir. 2009). Consequently, a supervisory official "can be held liable only for his own misconduct." *Carnaby v. City of Houston*, 636 F.3d 183, 189 (5th Cir. 2011).

---

[4] The Court additionally finds that Dixon's claim for monetary compensation fails because MDOC is entitled to sovereign immunity pursuant to the Eleventh Amendment of the United States Constitution. U.S. Const. Amend XI; *Perez v. Region 20 Educ. Service Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002); *Williams v. Miss. Dep't of Corr.*, 2012 WL 2052101 at *1 (S.D. Miss. June 6, 2012) (noting that MDOC is entitled to immunity as an arm of the state); *see also* Miss. Code Ann. § 47-5-1, *et seq.*

In addition to MDOC, Dixon names former MSP Superintendent Marshal Turner, Warden Timothy Morris, and Warden Simon as individual Defendants in this action. Dixon's complaint, however, contains no allegations indicating any personal involvement by Turner, Morris, or Simon in the alleged constitutional violation(s). In Dixon's response to the Court's order directing him to submit additional information, he avers that all Defendants frequently visited the building and that they all knew about the alleged conditions. Dixon further asserts that "Marshal Turner was the overseer" during the relevant time period.

While Dixon's allegations regarding these individuals may be correct, his allegations fail to establish the requisite personal involvement in the alleged constitutional violations. *See Woods*, 51 F.3d at 583. Rather, it is clear that Marshal Turner, Warden Timothy Morris, and Warden Simon have been named defendants in this action merely due to their positions of authority at MSP; thus, they must be dismissed from this action. *See Oliver v. Scott*, 276 F.3d 736, 742 n.6 (5th Cir. 202) (Section 1983 does not allow a supervisory official to be held liable for the actions of their subordinates); *see also Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action.").

Conclusion

Based on the foregoing discussion, the Court finds that MDOC should be dismissed because it is not a "person" within the meaning of Section 1983. The Court further finds that Defendants Marshal Turner, Warden Timothy Morris, and Warden Simon should be dismissed because they were named as defendants merely because of their supervisory roles at the correctional facility. Accordingly, the Court finds that this action should be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal counts as a "strike" under 28 U.S.C. § 1915(g). Dixon is

cautioned that once he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while incarcerated unless he is in imminent danger of some physical injury. 28 U.S.C. § 1915(g). A final judgment in accordance with this opinion will be entered today.

    **SO ORDERED**, this the 22nd day of September, 2021.

                                              /s/ Roy Percy
                                              UNITED STATES MAGISTRATE JUDGE